UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA ROGOWSKI,
an individual,

                                Hon.

       Plaintiff,                      Case No. 24-cv-

v

DWELLING PLACE OF GRAND RAPIDS
NON-PROFIT HOUSING CORPORATION,
d/b/a DWELLING PLACE
 a domestic non-profit corporation

       Defendant.

WILLIAM F. PIPER, PLC
William F. Piper (P38636)
Attorney for Plaintiff
9848 Portage Road
Portage, MI 49002
Phone: (269) 321-5008
Fax: (269) 321-5009
wpiper@wpiperlaw.com

**COMPLAINT**

The plaintiff Amanda Rogowski, by and through her attorney William F. Piper, PLC, for her Complaint, states as follows:

**JURISDICTIONAL ALLEGATIONS**

1. The plaintiff Amanda Rogowski is a white woman who lives in the County of Kent, and she has resided therein at all times relevant to this Complaint.

2. The defendant, Dwelling Place of Grand Rapids Non-Profit Housing Corporation, d/b/a Dwelling Place of Grand Rapids (hereafter Dwelling Place), is a non-profit corporation that did business in the County of Kent at all times relevant to this complaint.

3. The defendant was required to abide by the requirements of the Family and Medical Leave Act (hereafter FMLA), 29 USC § 2601 et. seq., at all time relevant to this complaint, as it employed

more than 50 employees in a 75-mile radius of its home office in Kent County.

4.       Ms. Rogowski worked for the defendant for over 1,250 hours in the year before her termination from her employment by the defendant on February 23, 2024.

5.       The lawsuit arises out of Ms. Rogowski's employment by the defendant and the defendant's termination of that employment by it in violation of the FMLA and the Americans with Disabilities Act, 42 USC § 12101 et seq., and 42 USC § 1981a.

## COMMON ALLEGATIONS

6.       The plaintiff restates and realleges as though fully set forth herein paragraphs 1-5 of this Complaint.

7.       The defendant hired the plaintiff to work for it as a Senior Property Manager in July 2021.

8.       At all times that she worked for the defendant Ms. Rogowski did a good job for it.

9.       As a result of violence at the workplace from tenants and others, work being overloaded on her, and inadequate assistance from staff, Ms. Rogowski, in late 2023, began suffering anxiety, depression, chest pains, migraines, and a loss of sight in her left eye.

10.      Despite her complaints, the defendant did nothing to alleviate the problems that were causing her the physical and emotional disabilities referenced above.

11.      On January 30, 2024 Ms. Rogowski's symptoms worsened, and she visited the emergency room.

12.      Ms. Rogowski was told to follow up with her primary care physician, and she was off work until her appointment with her primary care physician on February 5, 2024.

13.      On February 5, 2024 Ms. Rogowski's primary care physician, because of Ms. Rogowski's disabilities and symptoms associated with them, took her off work for two weeks and prescribed her two medications.

13. On February 8, 2024, Ms. Rogowski's symptoms continued to worsen, so her physician prescribed her an additional medication.

14. Ms. Rogowski also requested leave under the FMLA.

15. On February 16, 2024 Ms. Rogowski requested an extension of her leave under the FMLA.

16. Ms. Rogowski's medical card provider sent FMLA paperwork to the defendant on or about February 16, 2024 regarding Ms. Rogowski's disabilities and the need for her to be on a leave under the FMLA.

17. On February 19, 2024 the defendant emailed Ms. Rogowski a letter indicating it was demoting her and that she had until February 23, 2024 to accept the demotion or it would consider her to have voluntarily resigned, despite that Ms. Rogowski was on a medical leave.

18. On February 23, 2024 Ms. Rogowski sent the defendant an email indicating that she was on leave, that her FMLA had been approved until March 4, 2024, and that she would be unable to respond to its email at that time. She indicated she would get back to it when she was released to work on March 4, 2024.

19. Ms. Rogowski could not make a considered and rational decision regarding her employment status while she was under the effects of her medical conditions.

20. At 5:09 p.m. on February 23, 2024 the defendant sent an email to other employees indicating that Ms. Rogowski no longer worked for the defendant, but it sent no such email to her.

21. As a result of the unlawful termination set forth above, Ms. Rogowski has suffered and will continue to suffer a loss of income and benefits, emotional distress, a loss of enjoyment of life and other consequential damages.

**COUNT I - FMLA INTERFERENCE AND FMLA RETALIATION/DISCRIMINATION**

22. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-21 of this Complaint.

23. The defendant, as explained in detail above, interfered with, restrained and denied Ms. Rogowski's exercise of her rights under FMLA by terminating her employment, by not allowing her to take a complete leave under the FMLA, and by not returning her to her employment at the conclusion of her leave.

24. The defendant also discriminated against and retaliated against Ms. Rogowski because of her exercise and attempted exercise of her rights under the FMLA by terminating her employment by it.

25. The defendant's CEO said that he did not like people using FMLA, and he stated words to the effect of that people were using it for vacation reasons, which revealed the defendant's discriminatory and retaliatory animus.

26. The defendant's violations of the FMLA, as explained extensively above, were committed in bad faith, and without any reasonable grounds for believing that they were lawful.

27. These claims are actionable under the Family and Medical Leave Act, 29 USC § 2601 *et seq*.

**WHEREFORE**, the plaintiff requests a judgment against the defendant in an amount equal to any wages, salary, employment benefits, interest and any other compensation denied or lost to her by reason of the defendant's violations of the FMLA; an additional amount as liquidated damages equal to the sum of any lost wages, salary, employment benefits and any other compensation and interest; any equitable relief that may be appropriate, including front pay; and all attorney's fees, costs, interest, and any other relief this Court deems fair and just.

## COUNT III – DISABILITY DISRIMINATION

28. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-27 of this complaint.

29. The defendant terminated Ms. Rogowski's employment by it because of her disabilities of anxiety, depression and migraine headaches, while affected major life activities of hers of working, driving, performing household chores, and seeing.

30. As a result of this discrimination the plaintiff suffered and will continue to suffer the damages set forth above.

31. This claim is actionable under the Americans with Disabilities Act, 42 USC § 12101 et seq., and 42 USC § 1981a.

**WHEREFORE**, the plaintiff requests a judgment against the defendant in an amount equal to any wages, salary, employment benefits, interest and any other compensation denied or lost to her by reason of the defendant's violations of the law past and future; compensation for her non-economic damages past and future, punitive damages, any equitable relief that may be appropriate, costs, attorney's fees, interest, and any other relief that this court deems fair and just.

Dated:  December 16, 2024               WILLIAM F. PIPER, PLC.
                                            Attorney for Plaintiff

                                        By:   */s/ William F. Piper*
                                              William F. Piper (P38636)
                                        BUSINESS ADDRESS:
                                              9848 Portage Rd.
                                              Portage, Michigan 49002
                                              Phone: 269.321.5008
                                              Fax: 269.321.5009